**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000093
03-JUN-2025
07:45 AM
Dkt. 63 SO**

NO. CAAP-23-0000093

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JOELLE H.K. ROBELLO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1PC161001659)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Joelle H.K. Robello (**Robello**) appeals from: (1) the February 2, 2023 Order of Resentencing; Revocation of Probation, Notice of Entry (**Order of Resentencing**); and (2) February 22, 2023 Order Denying Motion to Terminate Probation (**Order Denying Termination**), both entered by the Circuit Court of the First Circuit (**Circuit Court**)[1] in favor of Plaintiff-Appellee the State of Hawai'i (**State**).

On June 29, 2017, Robello pled no contest to Forgery in the Second Degree and Identity Theft in the Third Degree. She was sentenced to a term of probation of four years, with mandatory and special conditions.[2]

---

[1] The Honorable Kevin A. Souza presided.

[2] The Honorable Karen T. Nakasone presided.

On January 22, 2018, the State filed a motion to revoke Robello's probation; on March 29, 2018, Robello was resentenced, including another four-year term of probation and Robello entered the HOPE Probation Program.

On March 11, 2019, the State filed a Motion for Modification of the Terms and Conditions of Probation due to Robello's violations of the terms and conditions of her probation (**Motion for Modification**).  After an initial failure-to-appear, a hearing was held on May 14, 2019, and the Motion for Modification was granted, with the terms of Robello's probation modified to include an additional forty-eight days in jail.[3]

On May 19, 2022, the State filed a motion to revoke Robello's probation on multiple grounds (**Motion for Revocation**).  On September 6, 2022, Robello filed a motion to terminate probation, arguing that motions to modify probation are not tolling motions, and therefore, her probation ended on March 29, 2022, and the Motion for Revocation was untimely (**Motion to Terminate**).  The Circuit Court denied Robello's motion and granted the State's motion.  Robello timely filed a notice of appeal from both orders.

Robello raises two points of error on appeal, contending that the Circuit Court erred in:  (1) granting the State's Motion for Revocation; and (2) denying Robello's Motion to Terminate.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[3]    The Honorable Edwin C. Nacino presided.

2

the arguments advanced and the issues raised, we resolve Robello's points of error as follows:

In her first point of error, Robello argues that the Circuit Court erred when it granted the Motion for Revocation because Robello's probation expired on March 29, 2022, and the court no longer had jurisdiction to adjudicate the Motion for Revocation, pursuant to Hawaii Revised Statutes (**HRS**) 706-630 (2014) (providing that upon termination of the period of probation, a defendant is automatically discharged from further obligations). In her second point of error, Robello argues, variously, that the Circuit Court erred in denying the Motion to Terminate because the Circuit Court lacked authority to extend Robello's probation.

The crux of Robello's arguments is that the Motion for Modification was not a tolling motion, and therefore, Robello's probationary term expired before the Motion for Revocation was filed.

HRS § 706-625 (2014) provides, in pertinent part:

> **§ 706-625 Revocation, modification of probation conditions.** (1) The court, on application of a probation officer, the prosecuting attorney, the defendant, or on its own motion, after a hearing, may revoke probation except as provided in subsection (7), reduce or enlarge the conditions of a sentence of probation, pursuant to the provisions applicable to the initial setting of the conditions and the provisions of section 706-627.
>
> . . . .
>
> (4) The court may modify the requirements imposed on the defendant or impose further requirements, if it finds that such action will assist the defendant in leading a law-abiding life.

HRS § 706-627 (2014) provides:

> **§ 706-627 Tolling of probation.** (1) Upon the filing of a motion to revoke a probation or a motion to enlarge the conditions imposed thereby, the period of probation shall be tolled pending the hearing upon the motion and the decision of the court. The period of tolling shall be computed from the filing date of the motion through and including the filing date of the written decision of the court concerning

3

the motion for purposes of computation of the remaining period of probation, if any. In the event the court fails to file a written decision upon the motion, the period shall be computed by reference to the date the court makes a decision upon the motion in open court. During the period of tolling of the probation, the defendant shall remain subject to all terms and conditions of the probation except as otherwise provided by this chapter.

(2) In the event the court, following hearing, refuses to revoke the probation or grant the requested enlargement of conditions thereof because the defendant's failure to comply therewith was excusable, the defendant may be granted the period of tolling of the probation for purposes of computation of the remaining probation, if any.

This court rejected arguments nearly identical to Robello's arguments here (concerning the tolling of probation) in State v. Wilbur-Delima, 154 Hawaiʻi 496, 502-03, 555 P.3d 660, 666-67 (App. 2024); see also State v. Holland-Dornath, CAAP-21-0000442, 2024 WL 3936732, *2 (Haw. App. Aug. 26, 2024) (SDO) (following Wilbur-Delima); State v. Frederico, CAAP-22-0000581, 2025 WL 664755, *2-3 (Haw. App. Feb. 27, 2025) (SDO) (same). Based on the reasoning set forth in Wilbur-Delima, we reiterate that a motion to modify probation that seeks to enlarge a condition of probation is a tolling motion.

Like the appellant in Wilbur-Delima, Robello had entered the HOPE Probation Program. Although the subject Motion for Modification was not entitled as a motion to enlarge sentence, an enlarged probation condition, *i.e.*, more jail time, was sought; Robello stipulated to the violations of the conditions of probation, the motion was granted, and Robello was ordered to serve additional jail time. Accordingly, the Circuit Court did not err in treating the State's Motion for Modification as a tolling motion.[4]

---

[4] Robello's argument that the Rule of Lenity must be applied is also without merit. See Wilbur-Delima, 154 Hawaiʻi at 506, 555 P.3d at 670.

4

For these reasons, the Circuit Court's February 2, 2023 Order of Resentencing and February 22, 2023 Order Denying Termination are affirmed.

DATED:  Honolulu, Hawaiʻi, June 3, 2025.

On the briefs:

Jason M. Kramberg,
Deputy Public Defender,
for Defendant-Appellant.

Robert T. Nakatsuji,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge